IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUEL PALMER AND STEVEN RYAN, | ) ) ) | CIVIL NO. 06-00642 SOM/BMK CIVIL NO. 06-00643 SOM/BMK |
| Plaintiffs, | ) ) | (consolidated) |
| vs. | ) ) | ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S |
| CITY AND COUNTY OF HONOLULU, et al, | ) ) | MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) ) ) | |
| _____ | ) ) | |
| MATTHEW BABAS, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S
MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

These consolidated cases involve allegations of excessive force used by Honolulu Police Department officers. In their respective Complaints, Plaintiffs appear to allege that the officers violated 42 U.S.C. § 1983 through their excessive use of force. Those Complaints also appear to allege that Defendant City and County of Honolulu (the "City") is liable under § 1983

for the officer's use of force.  The City moves for summary judgment, arguing that it cannot be vicariously liable for the officer's alleged use of excessive force.  The City contends that it has no policy or custom allowing or condoning such excessive force.  Because the City's motion is unopposed, because the City cannot be vicariously liable under § 1983 for the officer's alleged use of excessive force, and because the City cannot be liable for punitive damages under the circumstances of this case, the City's motion for summary judgment is granted without a hearing pursuant to Local Rule 7.2(d) ("The court, in its discretion, may decide any motion without a hearing.").

II.     STANDARD OF REVIEW.

Effective December 1, 2007, Rule 56(c) of the Federal Rules of Civil Procedure has been amended.  Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (effective Dec. 1, 2007).  "The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."  Rule 56 Advisory Committee Notes, 2007 Amendments.  Because no substantive change in Rule

56(c) was intended, the court interprets the new rule by applying precedent related to the prior version of Rule 56(c).

One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See Celotex, 477 U.S. at 323. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there

is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>California v. Campbell</u>, 319 F.3d 1161, 1166 (9th Cir. 2003); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." <u>Miller</u>, 454 F.3d at 988 (quotations and brackets omitted).

III.    <u>ANALYSIS.</u>

Plaintiffs allege that the City, through officers in the Honolulu Police Department, violated § 1983 by using excessive force.

Section 1983 provides, in relevant part:

> [E]very person who, under color of any statute, ordinance, regulation, custom, or

>     usage, of any State or Territory or the
>     District of Columbia, subjects or causes to
>     be subjected, any citizen of the United
>     States . . . to the deprivation of any
>     rights, privileges, or immunities secured by
>     the Constitution and laws, shall be liable to
>     the party in an action at law, suit in equity
>     or other proper proceeding to redress.

42 U.S.C. § 1983.

Section 1983 therefore imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).

Local governmental bodies such as counties and municipalities are considered "persons" and may be sued under § 1983. See Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978). Cities are liable under § 1983 for acts by their employees that are caused by an official policy or custom. Id. at 694 (no respondeat superior liability); Edgerly v. City & County of San Francisco, 495 F.3d 645, 659 (9th Cir. 2007) ("A municipality is liable under Monell only if a municipal policy or custom was the 'moving force' behind the constitutional violation." (quoting City of Canton v. Harris, 489 U.S. 378, 388-89 (1989)); Oviatt v. Pearce, 954 F.2d 1470, 1473 (9th Cir. 1992) (noting that cities may be liable under § 1983 when their actions under an official municipal policy caused a

5

constitutional tort).  Cities may also be liable under § 1983 for failing to protect constitutional rights when they have a policy that amounts to deliberate indifference to a plaintiff's constitutional right and that policy is the moving force behind the constitutional violation.  Oviatt, 954 F.2d at 1473.

The City moves for summary judgment, arguing that it has no policy or custom that caused the alleged excessive force used by the police officers against Plaintiffs.  See, e.g., City's Concise Statement of Facts (Dec. 13, 2007) ¶ 21 ("HPD policy forbids unreasonable or excessive force.").  Plaintiffs have filed no opposition to the City's motion[1] and, because they have not disputed the City's Concise Statement, have admitted the facts alleged therein.  See Local Rule 56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").  Accordingly, the City is entitled to summary judgment on Plaintiffs' § 1983 claims alleging that the City is liable for its officers' alleged use of excessive force against Plaintiffs.

Moreover, the City is not liable for punitive damages arising out of a § 1983 claim.  See Jefferson v. City of Tarrant,

---

[1] Local Rule 7.4 requires oppositions to motions to be "filed not less than eighteen (18) days prior to the date of the hearing."  In the present case, the hearing on the City's motion is scheduled to be heard on January 14, 2008, making any opposition due December 27, 2007.

522 U.S. 75, 75 (1997) ("this Court has ruled that § 1983 plaintiffs may not recover punitive damages against a municipality"); Kentucky v. Graham, 473 U.S. 159, 167 n.13 (1985) ("punitive damages are not available under § 1983 from a municipality").

IV.     CONCLUSION.

For the foregoing reasons, this court grants the City's motion for summary judgment.  No claims remain against the City for adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Palmer, et al. v. City and County of Honolulu, et al, Civ. No. 06-00642 SOM/BMK; Babas v. City and County of Honolulu, et al, Civ. No. 06-00643 SOM/BMK; ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT