IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUEL PALMER AND STEVEN RYAN, | ) ) | CIVIL NO. 06-00642 SOM/BMK CIVIL NO. 06-00643 SOM/BMK |
| Plaintiffs, | ) ) ) | (consolidated) |
| vs. | ) ) ) | ORDER DISMISSING COMPLAINTS AS TO UNSERVED OFFICER |
| CITY AND COUNTY OF HONOLULU, et al, | ) ) ) | DEFENDANTS |
| Defendants. | ) ) ) ) | |
| _____ | ) ) | |
| MATTHEW BABAS, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| CITY AND COUNTY OF HONOLULU, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINTS AS TO UNSERVED OFFICER DEFENDANTS

I.      INTRODUCTION.

These consolidated cases involve allegations of

excessive force used by Honolulu Police Department officers.  In

their respective Complaints, Plaintiffs appear to allege that the

officers violated 42 U.S.C. § 1983 through their excessive use of

force.  Those Complaints were filed on November 30, 2006, and the

Complaint in one of these cases, Civil No. 06-00642, was amended

on January 17, 2007.  A trial is set in these matters on March

25, 2008.  On January 28, 2008, this court issued an Order to
Show Cause why the Complaints in these consolidated cases should
not be dismissed as to the officers named as Defendants, because
it did not appear that they were served.  The court decides this
Order to Show Cause without a hearing pursuant to Local Rule
7.2(d), after reviewing Plaintiffs' February 8, 2008, written
response.

The court finds that Plaintiffs have failed to
demonstrate good cause for failing to timely serve the officer
Defendants.  Plaintiffs have utterly failed to diligently pursue
their claims against the officer Defendants in these cases.  The
court dismisses these consolidated cases as to: (1) Defendant
Officers Michael Lambert, Michael Campbell, Dane McCallum, and
H. Oliva, named as Defendants in Civil No. 06-00642 SOM/BMK; and
(2) Defendant Officers Michael Lambert and Michael Campbell,
named as Defendants in Civil No. 06-00643 SOM/BMK.

II.      ANALYSIS.

Rule 4(m) of the Federal Rules of Civil Procedure
requires service of a complaint and summons on defendants "within
120 days after the complaint is filed." Fed. R. Civ. P. 4(m)
(effective Dec. 1, 2007).  When a complaint is not served within
that period, "the court--on motion or on its own after notice to
the plaintiff--must dismiss the action without prejudice against
that defendant or order that service be made within a specified

time." <u>Id.</u>  However, when "the plaintiff shows good cause for
the failure, the court must extend the time for service for an
appropriate period." <u>Id.</u>

The Ninth Circuit has interpreted Rule 4(m) as creating
a two-step process for a court to follow in determining whether
it should extend the time to serve a complaint. <u>In re Sheehan</u>,
253 F.3d 507, 512 (9th Cir. 2001) (citation omitted).  First, the
court must analyze whether there is good cause for the
plaintiff's failure to timely serve the complaint.  If good cause
is shown, the court must grant an extension for an appropriate
amount of time.  Second, even without good cause, the court can
exercise its discretion and grant an extension of time to serve
the complaint.  <u>Id.</u>; Fed. R. Civ. P. 4(m) advisory committee's
notes to 1993 amendments (Rule 4(m) "authorizes the court to
relieve a plaintiff of the consequences of an application of this
subdivision even if there is no good cause shown.").

A.   <u>Plaintiffs Fail to Show Good Cause.</u>

At "a minimum, 'good cause' means excusable neglect,"
<u>Boudette v. Barnette</u>, 923 F.2d 754, 756 (9th Cir 1991), and is
determined on a case-by-case-basis, <u>In re Sheehan</u>, 253 F.3d at
512.  In addition to excusable neglect, "a plaintiff may also be
required to show that "(a) the party to be served personally
received actual notice of the lawsuit; (b) the defendant would
suffer no prejudice; and (c) plaintiff would be severely

3

prejudiced if his complaint were dismissed." <u>Boudette</u>, 923 F.2d at 756.  "Ordinarily, the simple negligence of the plaintiff or his counsel is not an adequate excuse for failure to satisfy the 120-day service requirement." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1058 (9th Cir. 1992) (interpreting a former version of Rule 4(m)), <u>overruled on other grounds by WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiffs attempt to show good cause by arguing that they were lulled into thinking that the officers had been served. Plaintiffs say that they attempted to serve the officers through the Office of Corporation Counsel.  <u>See</u> Affidavit of Jean Kimoto. ¶ 3 (Feb. 8, 2008).  However, the Returns of Service indicate that the Office of Corporation Counsel accepted service on behalf of only the City and County of Honolulu.  <u>See</u> Exs. 3 and 4 (attached to Feb. 8, 2008, Response to the Order to Show Cause).

Plaintiffs say that, on or about December 26, 2006, their counsel, Clayton Kimoto, received a telephone call from Curtis E. Sherwood, an attorney with the Office of Corporation Counsel.  In that conversation, Sherwood told Kimoto that he had not received approval to represent the officers individually. <u>See</u> Declaration of Clayton Kimoto, ¶ 8 (Feb. 6, 2008).  Sherwood sent Kimoto a letter memorializing the conversation.  <u>See</u> Ex. 5 (Letter from Curtis E. Sherwood to Clayton Kimoto (Dec. 26, 2006) (indicating that it may not be possible for the individual

4

defendants to file answers to the Complaints by January 9, 2007,
"as they have yet to receive approval for representation in these
matters")).  Sherwood told Kimoto that he would "attempt to
contact [him] at the start of the new year" regarding the issue
of approval.  Id.  Plaintiffs say that this conduct made them
think that the officers had been properly served in their
individual capacities.  See Kimoto Decl. ¶¶ 19-20.  These facts,
however, do not justify such a belief or constitute excusable
neglect amounting to good cause for purposes of Rule 4(m).

        In the more than one year between Sherwood's statements
and this court's Order to Show Cause, the Office of Corporation
Counsel did not file answers on behalf of the officers.  It was
unreasonable for Plaintiffs to conclude from that inaction that
the Office of Corporation Counsel was authorized to represent the
individual officers and had somehow accepted service on behalf of
the officers.

        In determining that Plaintiffs have failed to
demonstrate good cause for their failure to serve the officers,
this court is guided by the Ninth Circuit's decision in Boudette.
In that case, Boudette was granted in forma pauperis status.
Boudette relied on a court clerk's statement that he would
receive notice of the date the complaint was filed.  Boudette
never received that notice and claimed that he did not timely
serve the defendants because he did not know when the 120-day

period began running.  Boudette asserted that either the court
clerk failed to send the notice or the post office failed to
deliver it.  The Ninth Circuit found no excusable neglect in
Boudette's failure to timely serve the complaint.  Through his
previous experience with the court as an in forma pauperis
plaintiff, Boudette knew that he could have asked the marshal to
serve the complaint.  Boudette made no request for service, and
the Ninth Circuit determined that he could not blame the court
clerk or the post office for his failure to serve the complaint.
Id. at 757.  Boudette involved a stronger case of excusable
neglect than is present here, yet the Ninth Circuit did not find
good cause to relieve Boudette of the 120-day service requirement
in that case.  This court finds that Plaintiffs have failed to
show good cause here.

        Nor is the court persuaded by Plaintiffs' citation to
McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1992), to support
their claim of excusable neglect.  In McGurkin, the Ninth Circuit
found good cause for the plaintiff's failure to timely serve a
complaint.  The plaintiff was proceeding pro se and was
incarcerated.  He had given the marshal detailed instructions for
serving the defendant, whom he called "Buttram."  Opposing
counsel also represented that he was the attorney for "Buttram."
By the time the pro se incarcerated plaintiff determined that the
true name of the defendant was "Butlin," rather than "Buttram,"

the 120-day period had passed.  Under those circumstances, the

Ninth Circuit found that the plaintiff had good cause for failing

to serve the complaint on "Butlin" within the 120-day period,

especially because that failure was "partially due to the fault

of prison officials or the U.S. Marshal--individuals over whom

McGurkin (as an incarcerated prisoner) had little control."  <u>Id.</u>

at 1058.

Plaintiffs here, by contrast, are represented by

counsel and did not recently find out who the true Defendants

are.  To the contrary, Plaintiffs have known the identity of the

officers for more than a year.  Like the plaintiff in <u>Boudette</u>,

Plaintiffs had the ability to timely serve the officers.

B.   <u>These Consolidated Cases Are Dismissed.</u>

Even though Plaintiffs have not shown good cause for

their failure to timely serve the officers with these complaints,

this court has broad discretion to dismiss the complaints without

prejudice or order that service be made within a specified time.

<u>See</u> Fed. R. Civ. P. 4(m); <u>In re Sheehan</u>, 253 F.3d at 512-13 ("We

note only that, under the terms of the rule, the court's

discretion is broad.").  The Ninth Circuit has not formulated a

precise rule covering when the court may grant an extension

without good cause.  <u>Id.</u> at 512-13 ("We find it unnecessary,

however, to articulate a specific test that a court must apply in

exercising its discretion under Rule 4(m).") (citation omitted).

But the court may not act arbitrarily.  <u>See generally</u> <u>Efaw v.</u>
<u>Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007).  In making
extension decisions under Rule 4(m), a district court may
consider factors "like a statute of limitations bar, prejudice to
the defendant, actual notice of a lawsuit, and eventual service."
<u>Id.</u> (citation omitted).

Plaintiffs' claims against the officers may be barred
by a statute of limitation if the court dismisses these cases,
although that is not entirely clear.  For example, Babas filed
another suit arising out of the same facts on November 23, 2007.
<u>See</u> <u>Babas v. Bank of Hawaii</u>, Civ. No. 07-00578 HG/BMK.  In any
event, Plaintiffs have demonstrated by their conduct in these
cases that they do not take court rules seriously.  Not only did
Plaintiffs fail to serve the complaints on the individual
officers, Plaintiffs failed to oppose a dispositive motion filed
by the City and County of Honolulu.  At a minimum, this court's
Local Rules required Plaintiffs to file a statement of no
opposition to that motion.  <u>See</u> Local Rule 7.4.  When the time
for filing an opposition to that motion had passed, this court's
staff, although not required to do so, contacted counsel for
Plaintiffs to inquire whether Plaintiffs had any opposition to
the motion.  Counsel informed this court's staff that Plaintiffs
would file a motion to continue the city's motion in a few days.

That motion to continue was never filed.  This court then granted the city's motion.

Plaintiff's conduct establishes that, either their case is so poor they do not wish to spend any time or money on it, or they simply have failed to pay any attention to it.  Neither reason persuades this court to exercise its discretion to extend the time to serve the officers.  Plaintiffs' attempt to appeal to the court's discretion in light of a possible statute of limitation issue is unpersuasive, given Plaintiffs' complete failure to diligently pursue their claims up to now.

Additionally, trial is set to begin in this matter two months from now, and the motions and discovery deadlines have passed.  Had Plaintiffs more diligently pursued their claims against the officers, they would have realized long ago that there was a service issue.  The court does not lightly dismiss this case.  Such a result is not usually warranted, but here the court has an extraordinary combination of a lengthy delay in service without good cause, a failure to timely oppose a dispositive motion, a failure to follow through on a pledge to the court to file a motion to continue a hearing, and what appears to be an overall lack of activity in the case.  Under these circumstances, the court declines to allow Plaintiffs more time to serve the officers.

III.     CONCLUSION.

          For the foregoing reasons, the court dismisses the

Complaints in these consolidated cases with respect to the

individual officers.  Because no claims remain for adjudication,

the Clerk of Court is directed to enter judgment against

Plaintiffs and to close this case.

          IT IS SO ORDERED.

          DATED: Honolulu, Hawaii, February 15, 2008.



                              /s/ Susan Oki Mollway
                              Susan Oki Mollway
                              United States District Judge

Palmer, et al. v. City and County of Honolulu, et al, Civ. No. 06-00642
SOM/BMK; Babas v. City and County of Honolulu, et al, Civ. No. 06-00643
SOM/BMK; ORDER DISMISSING COMPLAINTS AS TO UNSERVED OFFICER DEFENDANTS